# EXHIBIT "D"

FILED
1/23/2026 1:39 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Shunta Jackson DEPUTY

CAUSE NO. DC-26-01267

| | | |
|---|---|---|
| **JOHN DOE** | § | **IN  DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | 68th |
| | § | |
| **vs.** | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| **DELUXE EXPRESS INC. d/b/a** | § | |
| **MIDLAND VAN LINES,** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **Defendant.** | § | |

---

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR JURY TRIAL

---

TO THE HONORABLE DISTRICT COURT JUDGE:

COMES NOW Plaintiff, **JOHN DOE,** and files his *Original Petition and Request for Jury Trial* complaining of Defendant, **DELUXE EXPRESS INC. d/b/a MIDLAND VAN LINES** and would show the Court the following:

### I.

### DISCOVERY CONTROL PLAN

1.  As required by TEX. R. CIV. P. 190.1, Plaintiff files this lawsuit under a Level 3 Discovery Control Plan and requests the Court enter a Scheduling Order appropriate for the complexity of this case.

### II.

### MOTION FOR PSEUDONYM

2.   Plaintiff brings this suit under pseudonym in order to protect his privacy rights and to shield himself from notoriety and embarrassment associated with being the victim of assault, indecent assault and indecent exposure.  Plaintiff's true identity is known to Defendant.

**Plaintiff's Original Petition and Request for Jury Trial**                                                    1

3.      Plaintiff respectfully asks the Court to permit this suit to proceed using the pseudonym "John Doe" for an Order mandating such use in all documents which are publicly filed.

## III.

## PARTIES

4.  Plaintiff **JOHN DOE** is an individual who resides in Dallas, County Texas.  The last three digits of his social security number is **\*\*\*-\*\*-\*276**.

5.  Defendant, **DELUXE EXPRESS INC. d/b/a MIDLAND VAN LINES MIDLAND VAN LINES** is a corporation with its principal place of business in Florida. However, Midland Van Lines conducts and does business nationwide including in Dallas County and the State of Texas.  Because this Defendant does not maintain a registered agent in Texas, this Defendant may **be served pursuant to** *Texas Civil Practice and Remedies Code §17.026* through the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701. ***Issuance of a Citation is requested at this time.***

## IV.

## JURISDICTION AND VENUE

6.      The subject matter in controversy is within the jurisdictional limits of this Court. This Court has jurisdiction over the Defendant because Deluxe Express d/b/a Midland Van Lines conducts business in the State of Texas.

7.      This Court has general and specific jurisdiction over Defendant Deluxe Express d/b/a Midland Van Lines because it has sufficient contacts, generally and with regard to this specific action, such that the exercise of jurisdiction over it is proper and does not offend tradition notions of fair play and substantial justice. Defendant Deluxe Express d/b/a Midland Van Lines conducts and solicits business in Texas, derives substantial revenue and profits from their business

in Texas, purposely direct their activities towards Texas and its residents, and purposely avail themselves of the privilege of conducting business in Texas.

8.    Plaintiff seeks monetary relief in excess of $1,000,000.00.

9.    Venue is proper in Dallas County pursuant to Texas Civil Practice and Remedies Code §15.002 because Dallas County is the County in which all or a substantial part of the events or omissions giving rise to the claims occurred.

10.    As set forth below, Plaintiff's causes of action arise out of an indecent sexual assault by Defendant's employee, agent, ostensible agent and/or in Dallas County, Texas wherein the negligent conduct of Defendant Deluxe Express d/b/a Midland Van Lines was a proximate cause of the incident and Plaintiff's damages resulting from the occurrence in question.

## V.

## <u>STATEMENT OF FACTS</u>

11.    Plaintiff, John Doe ( hereinafter referred to as "Doe" or "Plaintiff") hired Defendant Deluxe  Express d/b/a Midland Van Lines (hereinafter referred to as "Midland Van Lines") to move the belongings of his late sister from a residence in Dallas, Texas to an out-of- state location. He was assured by the agents and/or employees of Defendant Midland Van Lines that competent professional movers would be sent to provide as, Midland Van Lines  advertised, "secure, seamless, and cost-effective moving solutions tailored to meet your unique needs."[1]

12.    On or about March 21, 2025, two male Midland Van Lines movers arrived at the residential location where Plaintiff was waiting. One of the movers was a young Latino male and the other an older Latino male, German Emigdio Osorio Carrascal. Neither of the men spoke

---

[1] See, https://midlandvanlines.com/about/

English. Unbeknownst to Plaintiff, German Emigdio Osorio Carrascal was an illegal alien and a sexual predator.

13.    During the course of the move, the younger man asked to use the rest room. Doe escorted him to the bathroom but, a piece of furniture was blocking the bathroom entrance. Doe bent over to move the furniture, when suddenly, German Emigdio Osorio Carrascal, "bum rushed" him from behind grabbing him by the shoulder and dragged him into the bathroom all the while gesturing in a lewd manner (simulating oral sex).  Doe was stunned, scared and repeatedly told him "No" fought and pushed him away. Doe finally managed to escape but not before German Emigdio Osorio Carrascal exposed his own penis and masturbated in front of  John Doe.

14.    John Doe called law enforcement and German Emigdio Osorio Carrascal was arrested.

15.    Plaintiff alleges German Emigdio Osorio Carrascal was acting in his capacity as an employee, statutory employee, borrowed servant, agent, joint- venturer, joint enterpriser, and/or in partnership with the Defendant Midland Van Lines.

16.    German Emigdio Osorio Carrascal was thereafter charged with Indecent Exposure as defined by Texas Penal Code §21.08(b) and pleaded guilty to this charge. Based upon information and belief, he is currently in the custody of the Immigration and Customs Enforcement (ICE).

17.    Plaintiff has suffered injuries and damages as a result of the assault he endured. He has developed extreme traumatic stress and anxiety and depression as a direct result of the  assault he experienced at the hands of German Emigdio Osorio Carrascal and due to Defendant's negligence.

18.     What happened to Plaintiff was entirely preventable.  Any reasonable moving company would have and should have investigated and conducted a background check into someone they were hiring as a mover. Any prudent employer would also have properly trained and supervised its employees, agents and servants to prevent the assault that happened to Plaintiff.

19.     As a direct and proximate result of Defendant's negligence herein, Plaintiff was injured and has suffered damages and will continue to suffer damages, in a reasonable probability, in the future.

## VI.

## CAUSES OF ACTION

### A.  COUNT ONE: NEGLIGENCE:

20.     Plaintiff incorporates the above paragraphs by reference as though set forth verbatim.

21.     Defendant  Midland Van Lines  owed  a legal duty to its customers such as Plaintiff to  provide safe and competent movers who were not predators..

22.     Defendant  Midland Van Lines  was negligent allowing German Emigdio Osorio Carrascal access to Plaintiff and his  residence when Defendant Midland Van Lines knew, or in the exercise of ordinary care, should have known that German Emigdio Osorio Carrascal was unfit to perform moving services.

23.     Defendant  Midland Van Lines  was negligent  in representing to the public, including  Plaintiff, that they offered professional services and trained their employees and agents for such professional services who would not be sexual predators.

24.      Defendant Midland Van Lines is liable for the acts of their agents, servants, and employees, including German Emigdio Osorio Carrascal.

25.    At all relevant times herein, German Emigdio Osorio Carrascal was an employee, agent/apparent agent, and/or ostensible agent and/or borrowed servant of Defendant, Midland Van Lines. Such negligence was a proximate cause of the indecent assault and indecent exposure of Plaintiff,

26.    Defendant  Midland Van Lines   is liable for the negligence of its principals, employees, agents, and or representatives pursuant to the doctrine of *Respondeat Superior* because the employees, agents, and/or representatives were acting in the course and scope of their respective employments with Defendant  Midland Van Lines  at the time and on the occasion of Plaintiff's injuries. In the alternative, Defendant  Midland Van Lines  is liable for the negligence of its employees.

27.    In the alternative, if the negligent employees, agents and/or representatives were not acting as employees, agents, and/or representatives and/or borrowed servants of Defendant Midland Van Lines , then the employees, agents, and/or representatives were acting as the ostensible agents of Defendant at all relevant times.

28.    Defendant  Midland Van Lines negligence as described above, was the proximate cause of Plaintiff's injuries and damages.

**B.  <u>COUNT TWO: NEGLIGENCE HIRING, RETENTION AND SUPERVISION:</u>**

29.  Plaintiff incorporates the above paragraphs by reference as though set forth verbatim.

30.    Defendant  Midland Van Lines had a legal duty to hire, supervise, train, and retain Competent professional employees/movers.

31.    Defendant Midland Van Lines owed Plaintiff a duty to provide competent movers who  are  not sexual predators like German Emigdio Osorio Carrascal.

32.    Defendant Midland Van Lines was negligent in selecting, hiring, supervising, and retaining German Emigdio Osorio Carrascal as a mover thereby placing members of the public like Plaintiff in danger of sexual predation.

33.    Defendant Midland Van Lines was negligent  in  failing to formulate, have, and/or enforce adequate policies and procedures to prevent the assault, indecent assault and indecent exposure that happened to Plaintiff.  Such negligence was a proximate cause of the facts giving rise to this lawsuit and the damages sustained by Plaintiff.

34.    Defendant Midland Van Lines are further liable for the acts of their agents, servants, and employees, including German Emigdio Osorio Carrascal.  At all relevant times herein, German Emigdio Osorio Carrascal was an employee, agent/apparent agent, and/or ostensible agent and/or borrowed servant of Defendant, Midland Van Lines. Such negligence was a proximate cause of the indecent assault and indecent exposure of Plaintiff, including but not limited to Defendant's negligence in:

A. Negligently selecting, hiring, and retaining German Emigdio Osorio Carrascal in a position requiring him to have close personal contact with customers, including Plaintiff;

B. Negligently retaining German Emigdio Osorio Carrascal in its employ in a position that involved close personal contact with customers and members of the public;

C.  Negligently and inadequately supervising its employees, including German Emigdio Osorio Carrascal whose actions were committed in the actual or apparent course and scope of his employment as a mover with Defendant Midland Van Lines;

D. Failing to create and/or enforce safety rules, policies and procedures governing its employees and/or agents to prevent assault, indecent assault and other sexually inappropriate conduct by its movers;

E. Failing to create and/or enforce policies, procedures and safety rules that would prohibit its employees and/or agents with a history of inappropriate conduct from being movers;

F. Failing to create and/or enforce policies and safety rules mandating a complete and thorough background check on any and all employees and/or agents, including German Emigdio Osorio Carrascal which should have and could have revealed he was an illegal alien;

G. Failing to warn Plaintiff of the inappropriate and substandard hiring, retention, training, and supervision of their agents and/or employees including German Emigdio Osorio Carrascal; and

H. Negligently aiding and abetting German Emigdio Osorio Carrascal to assault Plaintiff through the existence of his agency relationship with Defendant Midland Van Lines. Specifically, German Emigdio Osorio Carrascal used the authority actually delegated to him by Defendant Midland Van Lines to initiate unwanted and illegal contact with Plaintiff.

35.    As a direct result of Defendant Midland Van Lines' negligent acts and omissions, Plaintiff suffered battery, assault, and indecent assault, which resulted in physical injuries and damages.

36.    The acts and omissions described above, singularly or in any combination, amount to negligence and were a proximate cause of the incident involving Plaintiff and his injuries and damages.

**Plaintiff's Original Petition and Request for Jury Trial**                                                                8

## C:    **COUNT THREE : NEGLIGENT UNDERTAKING**

37.    Plaintiff incorporates the above paragraphs by reference as though set forth verbatim.

38.    Defendant Midland Van Lines undertook to provide professional moving services to the public in a manner that was safe, professional, and performed by properly screened and trained movers. Defendant voluntarily assumed these duties through (1) advertising and representing to the public that it provided safe and professional moving services; (2) implementing policies and procedures relating to professional client services; and (3) undertaking to select, hire, and supervise Professional movers in a manner that would protect clients from foreseeable harm.

39.    Under Texas law, once a party undertakes to provide services, it has a duty to exercise reasonable care in performing those services so as not to increase the risk of harm to others. Defendant breached that duty. Defendant failed to exercise reasonable care in performing the services it undertook, including but not limited to:

A. Undertaking to hire qualified and safe professional movers yet failing to conduct reasonable background checks or screening that would have revealed the unfitness of German Emigdio Osorio Carrascal.

B. Undertaking to provide a safe moving services yet failing to implement or enforce safety rules, supervision protocols, or monitoring practices sufficient to protect clients from indecent sexual assault;

C. Undertaking to train employees and professional movers regarding client safety and sexual misconduct prevention, yet failing to implement or enforce meaningful training;

D.  Undertaking to respond to and address client complaints about inappropriate mover behavior;

**Plaintiff's Original Petition and Request for Jury Trial**                                                                                    9

E. Undertaking to represent to clients, including Plaintiff, that Defendant's movers were professional, and safe, when Defendant failed to exercise reasonable care to ensure that such representations were true; and

F. Undertaking to provide policies and safety systems to prevent mover's misconduct yet performing such undertakings negligently and thereby increasing the risk of harm to Plaintiff.

40. Defendant's negligent undertaking increased the risk of harm to Plaintiff because Defendant's assumed responsibilities—when performed without reasonable care—created a dangerous environment in which a known or reasonably knowable sexual predator was placed alone with vulnerable clients in their home.

41.  Plaintiff relied on Defendant's undertaking. Plaintiff's reliance was reasonable because clients depend on the Defendant  Midland Van Lines to properly screen, train, and monitor professional movers  and to implement safety measures that an ordinary client cannot implement for himself.

42. Defendant's failure to exercise reasonable care in the undertakings described above was a proximate cause of the  assault, indecent assault and indecent exposure and injuries suffered by Plaintiff.

43. Under the Restatement (Second) of Torts §§ 323 and 324A, as adopted and applied by Texas law, Defendant is liable for all damages resulting from its negligent undertaking. Accordingly, Plaintiff seeks all damages allowed by law.

## COUNT FOUR : FRAUD AND MISREPRESENTATION

44. Plaintiff incorporates the above paragraphs by reference as though set forth verbatim.

45.    Defendant represented to the public that Midland Van Lines would provide professional movers who were not sexual predators and  that its customers would be free from sexual harm. By hiring individuals like German Emigdio Osorio Carrascal,  Defendant violated the trust and confidence to the public and  customers like Plaintiff.

46.    Plaintiff pleads fraud against Defendant Midland Van Lines for intentional misrepresentation as well as nondisclosure related to Defendant's employees and agents, in particular  German Emigdio Osorio Carrascal's character and propensity.

47.    Such other and further acts and omissions as shown in the trial of this case.

48.    Each of the foregoing acts and omissions described above, whether taken singularly or in combination were proximate causes of Plaintiff's injuries and damages described below.

**COUNT FIVE : INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

49.    Plaintiff incorporates the above paragraphs by reference as though set forth verbatim.

50. The conduct of the Defendant Midland Van Lines towards the Plaintiff constituted the intentional infliction of emotional distress, for which Defendant Midland Van Lines is liable. Defendant acted intentionally or recklessly, and their conduct was extreme and outrageous.  The actions and omissions  of the Defendant Midland Van Lines caused  John Doe emotional distress, and the emotional distress was and is severe.  Emotional distress was the intended or primary consequence of the Defendant's conduct.  Accordingly, Plaintiff  John  Doe is entitled to recover compensation for such damages in an amount in excess of the minimum jurisdictional limits of this Court.

## VII.

## GROSS NEGLIGENCE AND PUNITIVE DAMAGES

51.     Plaintiff incorporates by reference all prior paragraphs of this Petition as set forth verbatim in support of all causes of action pleaded herein.

52.     Indecent assault is heinous and is not tolerated by a civil society. Defendant's acts and/or omissions as set forth above, when viewed objectively at the time they occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. These were gross and reckless actions that disregarded the safety and well-being of the Plaintiff. Defendant Midland Van Lines proceeded with conscious indifference to the rights, safety, or welfare of others, including John Doe.

53.     Defendant Midland Van Line's acts and/or omissions amount to gross negligence and such gross negligence was a proximate cause of the injuries and damages suffered by Plaintiff. As such, Plaintiff is entitled to exemplary damages pursuant to Texas Civil Practice & Remedies Code § 41.003.

54.     Tex. Civ. Prac. & Rem. Code §41.005(a) does not apply to bar punitive damages in this matter because the Defendant Midland Van Lines was criminally complicit.

55.     Tex. Civ. Prac. & Rem. Code §41.005(b)(2) provides an exception when Defendants are criminally responsible as a party to the criminal act. Under Chapter 7 of the Texas Penal Code, specifically § 7.02(a), a person is criminally responsible for an offense committed by the conduct of another if:

(1)     acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense; or

**Plaintiff's Original Petition and Request for Jury Trial**                                     12

(2)    having a legal duty to prevent commission of the offense and acting with intent to promote or assist its commission, he fails to make a reasonable effort to prevent commission of the offense.

56.    Tex. Pen. Code Ann. § 7.02(a)(2). The provisions of this statute are met because Defendant Midland Van Line's aided and abetted in the commission of incidents of indecent assault made the basis of this lawsuit by selecting and hiring a dangerous person instead of a professional mover.

57.    Further, Tex. Pen. Code Ann. § 7.02(a)(3) is met because Defendant had a duty to prevent the assault of Plaintiff but did not. Defendant Midland Van Lines knew or should have known of German Emigdio Osorio Carrascal's dangerous propensities.

## VIII.

## <u>DAMAGES</u>

58.    Plaintiff incorporates the above paragraphs by reference as though set forth verbatim.

59.    As a direct and proximate cause of Defendant Midland Van Line's negligent acts and/or omissions, Plaintiff suffered damages and injuries that include, but are not limited to:

    a.  Physical pain and suffering in the past;
    b.  Physical pain and suffering, in reasonable probability, sustained in the future;
    c.  Mental anguish in the past;
    d.  Mental anguish, in reasonable probability, sustained in the future;
    e.  Reasonable and necessary medical expenses in the past;
    f.  Reasonable and necessary medical expenses, in reasonable probability, sustained in the future;
    g.  Loss of wages in the past;
    h.  Loss of earning capacity in the future;
    i.  Loss of the normal enjoyment of the pleasure of life in the past;
    j.  Loss of the normal enjoyment of the pleasure of life, in reasonable probability, sustained in the future;
    k.  Costs of suit; and
    l.  All other relief, in law and equity, to which Plaintiff may be entitled.

60.    Plaintiff's damages clearly exceed the minimum jurisdictional requirements for this

Court. Therefore, Plaintiff seeks compensation by the Court and jury for their damages, in an amount to be determined by the jury.

## IX.

## NOTICE PURSUANT TO TRCP 193.7

61.     Plaintiff hereby provides notice to Defendant Midland Van Lines pursuant to Rule 193.7 of the Texas Rules of Civil Procedure that he may utilize as evidence during the trial of this lawsuit all documents exchanged by the parties in written discovery.

## X.

## CLAIM FOR PRE-JUDGMENT AND POST-JUDGMENT INTEREST

62.     Plaintiff claims interest in accordance with §304.104 et. seq., of the Texas Finance Code.

## XI.

## DEMAND FOR JURY TRIAL

63.     Plaintiff exercises his right under the Seventh Amendment to the United States Constitution as well as the Texas Constitution to demand a trial by jury.

## XII.

## ALTERNATIVE CLAIMS FOR RELIEF AUTHORIZED

64.     Plaintiff intends to exercise his right to plead multiple causes of action in this pleading and invoke the right of disparate pleadings set forth in Texas Rule of Civil Procedure 48. Where in this pleading or any supplemental pleading, the statement of claims varies, they are to be construed as alternative claims for relief. No claim for relief shall be construed as waived or

abandoned where it is otherwise contradicted in whole or in part in another portion of Plaintiff's pleadings.

## XIII.

## <u>PRAYER</u>

**FOR THE REASONS STATED ABOVE**, Plaintiff **JOHN DOE** prays that judgment be entered in his favor against Defendant **DELUXE EXPRESS INC. D/B/A MIDLAND VAN LINES** for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law, specifically including, but not limited to:

a. A judgment in excess of the jurisdictional limits of this Court;

b. Pre-judgment interest;

c. Post-judgment interest;

d. Costs and Expenses; and

e. All such relief, whether at law or in equity, to which Plaintiff may show himself justly entitled.

**RESPECTFULLY SUBMITTED,**

**FORTENBERRY FIRM, PLLC**

By: /s/ Tahira Merritt_____
**Zeke Fortenberry**
State Bar No. 24061361
**Tahira Khan Merritt**
State Bar No. 11375550
**J. Keagan Riley**
State Bar No. 24110279
17177 Preston Rd. Suite 390
Dallas, TX 75248
Telephone: 469-626-7373
Facsimile: 469-716-4190
zeke@fortenberryfirm.com
tahira@fortenberryfirm.com
keagan@fortenberryfirm.com

**COUNSEL FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Paralegal Fortenberry on behalf of Zeke Fortenberry
Bar No. 24061361
paralegal@fortenberryfirm.com
Envelope ID: 110414582
Filing Code Description: Original Petition
Filing Description:
Status as of 1/26/2026 10:55 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Keagan Riley | | keagan@fortenberryfirm.com | 1/23/2026 1:39:13 PM | SENT |
| Tahira KhanMerritt | | tahira@fortenberryfirm.com | 1/23/2026 1:39:13 PM | SENT |
| Zeke Fortenberry | | zeke@fortenberryfirm.com | 1/23/2026 1:39:13 PM | SENT |
| Amanda Cannon | | paralegal@fortenberryfirm.com | 1/23/2026 1:39:13 PM | SENT |