IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN DOE<br>    Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 3:26-CV-1114 |
| DELUXE EXPRESS INC. d/b/a<br>MIDLAND VAN LINES<br>    Defendant. | §<br>§<br>§<br>§ | |

AGREED PROTECTIVE ORDER *

In order to preserve the rights of litigants and non-parties to these proceedings to claim confidentiality of certain documents to be produced in this litigation, the Court orders as follows:

1.    Terms.

a.    "Confidential Information" means information that constitutes a trade secret or reveals confidential research, development, or commercial information or confidential information relating to an individual. Confidential Information does not include information that has been disclosed in the public domain.

b.    "Protected Documents" means materials, documents or discovery responses containing Confidential Information disclosed or produced by any party or non-party in this litigation.

c.    "Confidential Material" means any document(s) claimed pursuant to Section 2(a), 2(b) or 2(c) of this Order and any Confidential Information claimed to be contained therein, to the extent allowed by this Order.

d.    "Protected Health Information" or "PHI" means individually identifiable health information, including medical, counseling, psychiatric, psychological, billing, and treatment information, as that term is used in the Health Insurance Portability and Accountability Act and its implementing regulations.

e.    "Claims Representatives" means any insurer, third-party administrator, reinsurer, claims professional, adjuster, or other person involved in evaluating, adjusting, defending, or resolving the claims asserted in this litigation.

AGREED PROTECTIVE ORDER                                                                                    Page 1

*See edit #8. US

2.     Designation.

   a.     A document (or portion of a document) that a party or non-party determines in good faith to be a Protected Document may be claimed as confidential by (1) stamping the word "CONFIDENTIAL" on the document, or (2) using any other reasonable method agreed to by the parties. Such stamping shall not obscure any writings on the documents.

   b.     If a party determines in good faith that a document or portion of a document contains highly sensitive Confidential Information, the disclosure of which to a party or non-party would create a specific risk of competitive, commercial, privacy, safety, or other substantial harm, the party may designate the material "ATTORNEYS' EYES ONLY." This designation shall be used sparingly and only where the "CONFIDENTIAL" designation would not provide adequate protection. The designation may be made by stamping the words "ATTORNEYS' EYES ONLY" on the document, or by using any other reasonable method agreed to by the parties. Such stamping shall not obscure any writings on the documents.

   c.     A party may, on the record of a deposition or by written notice to opposing counsel not later than ten business days after receipt of the deposition transcript, claim any portion(s) of the deposition as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" based on a good faith determination that any portions so claimed constitute a Protected Document. To the extent possible, any portions so claimed shall be transcribed separately and marked by the court reporter as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." All deposition transcripts and exhibits shall be treated as Confidential Material for ten business days after receipt of the transcript, unless otherwise agreed by the parties or ordered by the Court. After that period, only those portions properly designated shall remain subject to this Order.

   d.     By claiming a document constitutes Confidential Material pursuant to Section 2(a), 2(b) or 2(c), a party represents that it has made a *bona fide*, good faith determination that the document does, in fact, contain Confidential Information.

   e.     Confidentiality designations shall be made in good faith and shall be limited to the specific documents, information, testimony, or portions thereof that qualify for protection. A party shall not designate material as Confidential Material or Attorneys' Eyes-Only Material for purposes of delay, burden, tactical advantage, or to restrict ordinary case evaluation.

3.     Challenge to Claim.

   a.     Any party may challenge a claim made under Section 2(a), 2(b) or 2(c) by written notice of its objection to counsel for the claiming party. Challenge

to a claim made under Section 2(c) may be made either upon the record of the deposition or as provided in the preceding sentence.

b.   In the event a claim is challenged, the party requesting confidential treatment will move for an appropriate ruling from the Court. The material shall be treated as Confidential Material until the expiration of twenty days if no motion is made by the party requesting confidential treatment (at which time the material shall no longer be treated as Confidential Material), or, if a motion is made, until the Court rules.

c.   A party shall not be obligated to challenge the propriety of the designation of documents as Confidential Materials at the time of designation, and failure to do so shall not preclude a subsequent challenge to the designation.

4.   <u>Use of Confidential Material Limited</u>.

Confidential Material shall be treated as confidential and used only for purposes of this litigation, including investigation, evaluation, discovery, motion practice, mediation, settlement, trial, appeal, claim handling, coverage evaluation, and reinsurance.

Except as set forth in Section 6, Confidential Material shall not be revealed without the express written consent of the party claiming same as Confidential Material or upon written order of the Court.

5.   <u>Not Applicable to Trial</u>.

This Order shall not apply to the disclosure of Protected Documents or the information contained therein at the time of trial, through the receipt of Protected Documents into evidence or through the testimony of witnesses. The closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the Court. These issues may be taken up as a separate matter upon motion of any party in compliance with the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Northern District of Texas, and any applicable procedures of the presiding judge.

6.   <u>Permitted Disclosures</u>.

a.   Confidential Material designated "ATTORNEYS' EYES ONLY" may be shown, disseminated, or disclosed only to the following persons:

- Attorneys. All attorneys of record for the parties to the lawsuit, including members of their respective law firms and their employees assisting in the preparation of this case for trial;

- Experts and Consultants. Experts and consultants retained by the parties to the lawsuit for the preparation or trial of this case;

- Vendors and Translators. Clerical, paralegal, and data processing personnel, not employed by the parties to the lawsuit or by their counsel, involved in the production, reproduction, organizing, filing, coding, converting, storing, retrieving, or review of documents in this action as well as translators privately retained by the parties for the preparation or trial of this case;

- The Court and Staff. The Court, its staff, court reporters, deposition videographers, mediators, court-appointed translators, and the jury in this case;

- Mediator(s) agreed by the parties or appointed by the Court

- Certain Witness. A witness, either to prepare for or to testify at any deposition or hearing conducted in this case, provided that the witness is: (a) employed by the designating party; or (b) identified as, or alleged to be, an author, addressee, or copy recipient of the designated information.

b.    Confidential Material designated "CONFIDENTIAL" may be shown, disseminated, or disclosed to the persons identified in Section 6(a) as well as the following persons:

- Parties. Any party to the lawsuit or any officer, director or employee of a party who is required, in good faith, to provide assistance in the conduct of the litigation of this lawsuit;

- Non-parties with prior knowledge. Non-parties who are an author, addressee, other person indicated on the face of the document as having received a copy;

- Other Witnesses. Other persons (and their counsel) who counsel for a party to the lawsuit in good faith believes may be called to testify at trial or deposition in this action; provided that those persons (or their counsel) may only view the Confidential Material in the presence of counsel for a party to the lawsuit and those persons are not permitted to retain a copy of the Confidential Material; and

- Claims Representatives. Any insurer, third-party administrator, reinsurer, claims professional, adjuster, or other representative involved in evaluating, adjusting, defending, or resolving the claims asserted in this litigation.

7.    Agreement by Recipients.

Before being given access to Confidential Material, other than the Court, Court staff, court reporters, deposition videographers, outside counsel of record, and employees of outside counsel assisting in this litigation, each person described in

Section 6 shall be advised of the terms of this Order and shall either sign Exhibit A or otherwise agree in writing to be bound by this Order. Counsel providing Confidential Material to any such person shall maintain the executed acknowledgments and need not disclose them unless ordered by the Court or unless necessary to resolve a dispute concerning compliance with this Order.

8.      Retention of Jurisdiction by Court.

This Court shall retain jurisdiction to make amendments, modifications, and additions to this Order as the Court may, from time to time, deem appropriate, as well as to resolve any disputes.

9.      Production Not a Waiver.

    a.      The production of Confidential Material pursuant to this Order is not intended to constitute a waiver of any privilege, work-product protection, confidentiality protection, trade-secret protection, or other right.

    b.      Pursuant to Federal Rule of Evidence 502(d), the production or disclosure of privileged or work-product protected material, whether inadvertent or otherwise, shall not constitute a waiver of any applicable privilege or protection in this litigation or in any other federal or state proceeding.

    c.      If a producing party notifies a receiving party that privileged or work-product protected material has been produced, the receiving party shall promptly return, sequester, or destroy the specified material and any copies, and shall not use or disclose the material unless and until the claim of privilege or protection is resolved. Nothing in this paragraph prevents the receiving party from challenging the claim of privilege or protection.

10.     HIPAA Qualified Protective Order.

To the extent any party or non-party produces Protected Health Information in this litigation, the parties agree that this Order is intended to constitute a qualified protective order under 45 C.F.R. § 164.512(e). Protected Health Information may be used or disclosed only for purposes of this litigation, including evaluation, preparation, discovery, motion practice, mediation, settlement, trial, appeal, and related claim handling. Protected Health Information shall not be used or disclosed for any other purpose. At the conclusion of this litigation, Protected Health Information shall be returned or destroyed as provided in this Order, except that counsel, the parties, insurers, third-party administrators, and Claims Representatives may retain archival or claim-file copies as permitted by this Order, subject to the continuing confidentiality obligations imposed herein.

11.     Obligations on Conclusion of Litigation.

    a.      Unless otherwise agreed to, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

AGREED PROTECTIVE ORDER                                                                                                    Page 5

b.  Return of Confidential Documents. Within thirty calendar days after dismissal or entry of final judgment not subject to further appeal, all documents treated as Confidential Material under this Order, shall be returned to the producing party unless: (I) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy all such documents that are reasonably accessible to the party (for instance, documents housed on system backup tapes maintained for disaster recovery would not be considered reasonably accessible and therefore would not need to be destroyed under this provision). Counsel may also retain an archival copy of Confidential Material documents, provided that same are treated and protected as contemplated by this Order, and that such documents are not to be used for any non-archival purpose. In addition, the parties, counsel, insurers, third-party administrators, Claims Representatives, and reinsurers may retain archival, claim-file, regulatory, or business-record copies of Confidential Material to the extent required or permitted by law, regulation, professional obligation, claim-file practices, or document-retention policies, provided that such materials remain subject to this Order and are not used for any purpose unrelated to this litigation, claim handling, coverage, or reinsurance.

c.  Work Product. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product. This work product shall continue to be treated as Confidential Material under this Order.

d.  Return of Documents Filed Under Seal. After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

12.  Public Health and Safety.

Nothing in this Order is intended to prevent any party from raising with the Court any concern that the non-disclosure of certain Confidential Material may have a possible adverse effect upon the general public health and safety, or the administration or operation of government or public office.

13.  Not a Sealing Order.

This Order does not seal Court Records in this case and is only intended to facilitate the prompt production of discovery materials. Any motion to seal Court Records must comply with the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Northern District of Texas, and any applicable procedures of the presiding judge. A party's designation of material as Confidential Material does not, by itself, entitle that material to be filed under seal.

No determination is being made by the Court at this time that these documents are confidential or entitled to protection. Such issues are reserved and will be ruled upon pursuant to this Order and any applicable notice and hearing provisions. This Order merely provides a framework for the parties to claim such materials as confidential to preserve their right to seek protection for these documents as confidential proprietary information, and to preserve such issues for ruling until each party may prepare their appropriate arguments on these issues.

Entered: July 8, 2026

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**

**AGREED TO FORM AND CONTENT:**

**FORTENBERRY FIRM, PLLC**


By: */s/Zeke Fortenberry*
    Zeke Fortenberry
    State Bar No. 24061361
    Tahira K. Merritt
    State Bar No. 11375550
    J. Keagan Riley
    State Bar No. 24110279
    17177 Preston Rd., Suite 390
    Dallas, Texas 75248
    (469) 626-7373
    (469)-716-4190 – Fax
    Email:   zeke@fortenberryfirm.com
              tahira@fortenberryfirm.com
              keagan@fortenberryfirm.com

    *Attorneys for Plaintiff*


By: */s/ Ryan S. McDaniel*
    William H. Chamblee
    **Lead Attorney**
    wchamblee@cr.law
    State Bar No. 04086100
    Travis J. Cox
    tcox@cr.law
    State  Bar No. 24088829
    Ryan McDaniel
    rmcdaniel@cr.law
    State Bar No. 24104879
    Chamblee Ryan, P.C.
    2777 N. Stemmons Freeway
    Suite 1257
    Dallas, Texas 75207
    Ph: 214-905-2003
    Fax: 214-905-1213

    *Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN DOE<br>    Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 3:26-CV-1114 |
| DELUXE EXPRESS INC. d/b/a<br>MIDLAND VAN LINES<br>    Defendant. | §<br>§<br>§<br>§ | |

**EXHIBIT A**

The undersigned states subject to the penalties of perjury:

1.    I have been furnished a copy of the Agreed Protective Order entered in this case.

2.    I have read the Agreed Protective Order and agree to be bound by its terms.

3.    I understand that Confidential Material and Attorneys' Eyes-Only Material may be used only for purposes of this litigation, including evaluation, preparation, discovery, mediation, settlement, trial, appeal, and related claim handling, and may not be used or disclosed for any other purpose.

4.    I agree not to disclose Confidential Material or Attorneys' Eyes-Only Material except as permitted by the Agreed Protective Order.

5.    I consent to the jurisdiction of the United States District Court for the Northern District of Texas solely for purposes of enforcing the Agreed Protective Order.

Signed: _____

Dated: _____

_____
Printed Name

_____
Address

_____
City, State Zip